## CIRCUIT COURT OF THE CITY OF PETERSBURG

Carol M. Wells, Admx.

v.

Virginia First Savings
and Loan Association

March 23, 1983

By JUDGE OLIVER A. POLLARD, JR.

At issue is the Plaintiff's claim that she should be entitled to the amount she would have earned over and above the legal rate of interest had she invested in six months saving certificates during the pendency of the appeal.

The Court has read Mr. Spero's letter memoranda of February 2nd, 21st and 25th, and Mr. Douglass's letters of February 3rd and 24th. The Court has also relied substantially upon a memorandum prepared by Mr. Kenneth C. Grigg, of the Court Legal Research Assistance Project, a service provided by the Executive Secretary's office of the Supreme Court of Virginia, which is on file with the Court papers. Although there are apparently no cases directly on point, the Court feels that Plaintiff's position is untenable, because she can show no actual damage or loss but only a lost opportunity. All cases cited in the various memoranda deal with claims arising from loss or devaluation of property, which was the subject of a proceeding during the time the judgment was suspended.

The Plaintiff in this case seeks to take advantage of an investment never made on the theory that she was deprived of the opportunity to make such investment. If

the approach suggested by Plaintiff were accepted, why could she not claim she would have invested in gold stocks or IBM, or any investment that may have done particularly well, and seek the return she would have made for such investment over and above the legal rate of interest? As indicated, the Court does not feel that this is what was intended by the language employed by Section 8.01-676 of the Code of Virginia.

The Court will ask Mr. Douglass to prepare an appropriate order overruling the Motion filed by Carol M. Wells, Admx., ex rel., and allowing interest on the judgment at 8% until July 1, 1981, and 10% thereafter.